**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENRIQUE MIRANDA ORTIZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 2:26-cv-09473-SP<br><br>**MEMORANDUM OPINION AND ORDER DENYING PETITION** |

## I.
## INTRODUCTION

On August 24, 2026, petitioner Enrique Miranda Ortiz, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California. Petitioner contends his detention, and particularly the August 2026 bond hearing decision denying him release, violated his rights under the Administrative Procedure Act ("APA"). Petitioner seeks immediate release from immigration custody, as well as declaratory and other injunctive relief.

On September 2, 2026, respondents filed an Answer. Docket no. 7. Petitioner made a supplemental filing requesting an expedited ruling on November 3, 2026. Docket no. 8.

For the reasons discussed below, the court denies the Petition.

## II.

## BACKGROUND

Petitioner is a native and citizen of Mexico. Pet. ¶ 24.[1] Petitioner entered the United States in 2006 without inspection. Pet. ¶ 25.

Petitioner has resided in the United States since his entry in 2006. *Id.* Petitioner is married to a United States citizen and has four United States citizen children. Pet. ¶ 26. On January 2, 2024, petitioner applied for special immigrant status. Answer, Ex. 1 at 3. That application was approved on April 4, 2025. *Id.*

On May 31, 2026, petitioner was arrested for battery on a peace officer or emergency personnel and obstruction of a public officer. *Id.* Those charges are still pending. *Id.* Petitioner claims that the alleged battery arose from an involuntary knee movement he made as a result of a December 2025 knee injury. Pet. ¶ 8.

ICE officers arrested petitioner on July 6, 2026. Pet. ¶ 27; Answer, Ex. 1 at 2-3. On August 4, 2026, an immigration judge ("IJ") denied him bond, finding petitioner failed to establish he is not a danger to the community. *Id.* ¶ 6, Ex. B.

Petitioner filed the instant Petition on August 24, 2026.

//

//

[1] The Petition is signed only by petitioner's counsel and is not verified by petitioner. The court presumes that the facts alleged in the Petition are accurate: (1) for the purposes of Part II of this opinion and if not disputed by respondents; (2) if supported by documents or other evidence in the record; or (3) if the information could have been within counsel's personal knowledge.

## III.

## DISCUSSION

Petitioner functionally raises one claim, although pleaded as three claims – that his detention violates the APA. Pet. ¶¶ 49-75. In particular, petitioner contends the IJ's decision to deny his request for release at the August 4, 2026 bond hearing was erroneous.

"Under [8 U.S.C.] § 1226(e), an alien may not challenge a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release in federal court." *Martinez v. Clark*, 124 F. 4th 775 (9th Cir. 2024) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up)). This includes discretionary bond decisions. *See Perez Velasquez v. Bondi*, 2026 WL 1042479, at *2 (S.D. Cal. Apr. 16, 2026).

"Although § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law." *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011); *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (courts have jurisdiction under 28 U.S.C § 2241 to consider any error of law in an immigration proceeding, including due process violations); *Perez Velasquez*, 2026 WL 1042479, at *2. The "application of the 'dangerousness' standard is a reviewable mixed question" of law and fact. *Martinez*, 124 F.4th at 783; *Singh*, 638 F.3d at 1207 n.6 ("The question of what standard of dangerousness the government must meet presents a reviewable legal issue."). Similarly, a flight risk determination is also a mixed question of fact law and fact, "which is reviewable to the district court as a question of law." *Miri v. Bondi*, 2026 WL 622302, at *5 (C.D. Cal. Mar 5, 2026); *W.T.M. v. Bondi*, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026) (court has subject matter jurisdiction over the IJ's flight risk determination where the petitioner challenges whether the bond hearing violates his due process rights). As such, "a district court has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional" for abuse of discretion. *Kharis v.*

*Sessions*, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases); *see Martinez*, 124 F.4th at 784; *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1078 (W.D. Wash. 2026); *Miri*, 2026 WL 622302, at *5.

Petitioner argues the court has jurisdiction to review his Petition because he is challenging the bond denial as inadequate and the IJ's dangerousness finding constitutes an abuse of discretion. Pet. ¶¶ 45-48, 61-67. But simply arguing a bond hearing is inadequate does not mean there is a viable APA claim. The IJ, considering petitioner's recent battery arrest, determined that petitioner was a danger to the community. Answer Ex. 2 at 1. Petitioner contends the IJ abused his discretion because the battery arrest was a result of an involuntary movement related to an earlier knee injury. *See* Pet. ¶¶ 7-9. Petitioner argues a reasonable factfinder would have reached a different conclusion and the totality of the facts supports release on bond. *See* Pet. ¶¶ 49-75. But petitioner has not actually identified a legal error.

Immigration judges are permitted to consider criminal history, including arrests. *See Nir B. v. Warden*, 2026 WL 2546627, at *5 (E.D. Cal. Aug. 28, 2026) ("[I]mmigration courts are permitted to consider arrests"); *Castaneda v. Aitken*, 2015 WL 3882755, at *7 (N.D. Cal. Jun. 23, 2015) (an immigration judge may rely on evidence presented to him or her so long as it is probative). Petitioner contends that the arrest stemmed from an involuntary movement, but that the IJ was not persuaded by this argument is not legal error. *See Matter of Guerra,* 24 I&N Dec. 37, 41 (BIA 2006) (stating that an Immigration Judge may properly consider any unfavorable evidence of an alien's conduct, including arrests that did not ultimately result in conviction). Petitioner is effectively asking the court to reweigh the evidence, which the court may not do. *Martinez*, 124 F.4th at 783, 785. As such, the court lacks jurisdiction to consider petitioner's bond determination claims.

//

//

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment will be entered denying the Petition with prejudice.

DATED: November 19, 2026

SHERI PYM
United States Magistrate Judge